UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WALLACE BURKS,
        Plaintiff,

v.                                               Case No. 05-C-0358

SCOTT McCALLUM,
JAMES E. DOYLE, JR.,
JON E. LITSCHER,
MATTHEW FRANKS,
CINDY O'DONNELL,
SANDY HAUTAMAKI,
GARY R. McCAUGHTRY,
RENEE RONZANI,
DR. BELGADO, and
BELINDA SCHRUBBE,
        Defendants.

---

## ORDER

Plaintiff Wallace Burks, who is incarcerated at the Kettle Moraine Correctional Institution, lodged this pro se civil rights complaint along with a petition to proceed in forma pauperis. The petition is now ready for a determination and the complaint for screening pursuant to 28 U.S.C. § 1915A.

As ordered, plaintiff paid an initial partial filing fee in the amount of $7.47. See April 1, 2005 Order. His petition to proceed in forma pauperis will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $250.00 for this action. The $242.53 balance of the filing fee will be collected in the manner set forth below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law.

2

Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

Plaintiff states that he has a fungal infection under his left big toenail which has spread to other toes. (Complaint ¶ IV. A.). The infection was noticed on June 27, 2002, while plaintiff was incarcerated at Waupun Correctional Institution. (Complaint ¶ IV. A.). The same day, plaintiff requested medical treatment and was seen by defendant Dr. Belgado. (Complaint ¶ IV. A.). Dr. Belgado prescribed "Tolnaftate Cream USP 1% antifungal cream." (Complaint ¶ IV. A.). Plaintiff states that the label of this product indicates that it is "not effective on the scalp or nails." (Complaint ¶ IV. A.).

Plaintiff filed an inmate complaint concerning the effectiveness of the prescribed treatment. (Complaint ¶ IV. A., Ex. 3). The inmate complaint was dismissed as moot based on records indicating that the infected portion of the nail was removed obviating the need for further treatment. (Complaint ¶ IV. A., Ex. 3). As plaintiff's inmate complaint

3

progressed through the inmate complaint review system, each of the following defendants reviewed the complaint: Renee Ronzani, Gary R. McCaughtry, Sandy Hautamaki, and Cindy O'Donnell. (Complaint ¶ IV. A.). Plaintiff states that defendants Scott McCallum, James E. Doyle, Jon E. Litscher and Matthew Franks were, or are now, responsible for overseeing the other defendants and for approving their decisions. (Complaint ¶ IV. A.).

Plaintiff claims that he is not receiving reasonably adequate medical care, thus increasing the severity of his medical condition. (Complaint ¶ IV. B.). He seeks damages for "pain and suffering [plaintiff] is experiencing for past failure to provide proper medical care for my particular type of medical condition which is a fungal toenail that has a cure called Lamilsil as seen on television by all lay-person." (Complaint ¶ V.).

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Zentmyer v. Kendall County, Illinois, 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the

existence of chronic and substantial pain." Gutierrez, 111 F.3d at 1373 (citations omitted). A medical condition need not be life-threatening to qualify as serious and to support a § 1983 claim, providing the denial of medical care could result in further significant injury or in the unnecessary infliction of pain. See Reed v. McBride, 178 F.3d 849, 852-53 (7th Cir. 1999); Gutierrez, 111 F.3d at 1371.

Not every "ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." Gutierrez, 111 F.3d at 1372. "A prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue – the sorts of ailments for which many people who are not in prison do not seek medical attention – does not by its refusal violate the Constitution." Id. (quoting Cooper v. Casey, 97 F.3d 914, 916 (7th Cir. 1996); see also Gibson v. McEvers, 631 F.2d 95 (7th Cir. 1980) (failure to treat a common cold did not constitute deliberate indifference to a serious medical need); Snipes v. DeTella, 95 F.3d 586, 591 n.1 (7th Cir. 1996) (a toe whose toenail had been removed did not constitute a serious medical need, although no doubt painful); Oliver v. Deen, 77 F.3d 156 (7th Cir. 1996) (a mild case of asthma which was allegedly exacerbated by second-hand tobacco smoke did not rise to the level of seriousness sufficient to support a claim for relief).

Nonetheless, Dr. Belgado recognized the need for treatment of plaintiff's toenail fungus; thus for the purposes of screening, I assume that plaintiff has alleged a serious medical need. However, plaintiff does not claim that treatment was "gratuitously withheld without a reason." Ciarpaglini v. Saini, 352 F.3d 328 (7th Cir. 2003). Rather, plaintiff alleges that on the day his infection was discovered, he requested and received treatment from Dr. Belgado. Plaintiff states that Dr. Belgado prescribed an allegedly ineffective

5

treatment. Thus, plaintiff's complaint concerns his disagreement with Dr. Belgado about his treatment needs. A disagreement with a medical professional about needs "does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of Estelle v. Gamble, 429 U.S. 97 (1976)." Ciarpaglini, 352 F.3d 328, 331 (7th Cir. 2003). Accordingly, the complaint and this action will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff will be noted to have incurred a "strike" pursuant to 28 U.S.C. § 1915(g).

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's petition to proceed in forma pauperis (docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $242.53 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the complaint and this action are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

6

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29 day of April, 2005.

/s_____
LYNN ADELMAN
District Judge